RAINEY *v.* RAINEY.

Opinion delivered March 24, 1930.

R. M. *Hutchins* and *Coulter & Coulter,* for appellant.
*Marsh, McKay & Marlin,* for appellee.

HUMPHREYS, J. The only question for decision presented on this appeal is the priority between two chattel mortgages, both of which were executed by W. P. Rainey, the first in point of time to appellee, J. G. Newkirk; and the second in point of time to appellant, R. T. Rainey. The question of priority, if raised at all in the trial court, turned upon whether the J. G. Newkirk mortgage had the proper indorsement thereon at the time it was filed in the office of the circuit clerk and ex-officio recorder of Union County. Section 7384 of Crawford & Moses' Digest provides, in substance, that a mortgage of personal property shall become a lien upon the property therein described against strangers from the time of filing, provided the following words are indorsed thereon, "This instrument is to be filed, but not recorded," and which indorsement is signed by the mortgagee, his agent or attorney.

The trial court decreed the J. G. Newkirk mortgage prior and paramount to the R. T. Rainey mortgage.

Appellant contends for a reversal of the decree upon the alleged ground that the record reflects at page 110 of the transcript that the R. T. Rainey mortgage, filed after the J. G. Newkirk mortgage, had the following notation on the back thereof: "This instrument is to be filed but not recorded. R. T. Rainey, mortgagee"; whereas, the J. G. Newkirk mortgage, found on pages 6 to 11 of the transcript, had the following notation on the back:

"Filed but not recorded," which, it is claimed, was not a proper filing for a chattel mortgage under the section of the statute referred to.

It is true that a purported copy of the Newkirk mortgage appears as an exhibit to appellant's complaint on the pages of the transcript referred to, and that the copy does not reflect the indorsement required by the statute, but page 76 of the transcript reflects that the original J. G. Newkirk mortgage on file in the clerk's office of Union County had the following notation on the back thereof: "This instrument is to be filed but not recorded," which is signed by J. G. Newkirk.

The indorsement complies with the statute, and fully sustains the decree of the trial court to the effect that said mortgage was prior and paramount to the R. T. Rainey mortgage.

No error appearing, the decree is affirmed.